In the Matter of the Application of the EDGE HO HOLDING CORPORATION and LEO H. RICH, Appellants, and GEORGE H. ITTLEMAN, to Vacate and Suppress a Subpœna Issued by JAMES A. HIGGINS, Commissioner of Accounts of The City of New York, Respondent.

Second Department, February 6, 1931.

*Charles S. Noyes* [*William S. Pettit* with him on the brief], for the appellants.

*William E. C. Mayer* [*Arthur J. W. Hilly, Corporation Counsel*, and *J. Joseph Lilly* with him on the brief], for the respondent.

PER CURIAM. The record discloses that the subpœna *duces tecum* concerns itself with matters that are beyond the jurisdiction of the commissioner of accounts under section 119 of the Greater New York Charter (Laws of 1901, chap. 466, as amd. by Laws of 1916, chap. 517, and N. Y. Local Laws of 1924, No. 2), in that the contracts and documents sought do not concern, and have no relevancy to, the accounts and methods of any department of the city or the counties contained therein.

The record discloses that the commissioner of accounts is avowedly using his power of subpœna in aid of a special assistant of the law department, to the end that a report may be made with respect to condemnation proceedings for the purpose of recommending legislative and constitutional changes respecting such proceedings. An inquiry of this sort is beyond the power of the commissioner of accounts and does not relate to accounts and methods of departments and offices with which the commissioner of accounts may properly be concerned under section 119 of the charter.

Moreover, it appears that this self-same special assistant of the law department is contemporaneously engaged in reopening a phase of pending condemnation proceedings for the purpose of using alleged evidence of the precise character sought to be elicited by the commissioner of accounts. The office of the commissioner of accounts may not be used for such a purpose by way of enabling the city of New York, as a litigant, to have access to evidence by such means, which means are not available to other litigants under the Civil Practice Act, and which method of obtaining evidence is not specifically authorized by statute on behalf of the city of New York. If such evidence or information is needful to the city of New York as a litigant, it can and should be obtained in the way in which such information is obtained by other litigants, in the absence of special statutory authority giving the city of New York preferential rights in this particular, assuming that such information is, as evidence, legally competent. The case of *Matter of Citizens' Water Supply Co.* (97 App. Div. 630), invoked by the city to sustain the admissibility of such evidence, concerned evidence sought to be elicited on cross-examination of an expert witness who had testified on his direct examination to his opinion of the value of the property under condemnation.

The order denying appellants' motion to vacate the subpœna should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

LAZANSKY, P. J., YOUNG, HAGARTY, CARSWELL and TOMPKINS, JJ., concur.

Order denying motion to vacate subpœna reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.